UNITED STATES OF AMERICA,

          Plaintiff,

   v.                                     Case No. 22-cr-0062-bhl

JUAN JOSE ADAME-CASTRO,

          Defendant.

## ORDER DENYING MOTION FOR AMENDMENT 821 SENTENCE REDUCTION

On February 6, 2024, this Court sentenced Defendant Juan Jose Adame-Castro to forty-eight (48) months' imprisonment after he pleaded guilty to possession with intent to distribute controlled substances.  (ECF No. 44.)  The offense involved 40 grams or more of a mixture and substance containing fentanyl.  (ECF No. 32.) On February 18, 2026, Adame-Castro filed a motion asking the Court to run his two separate federal sentences concurrently, which the Court denied, explaining that even if it had authority to run the sentences concurrently, Adame-Castro's drug trafficking convictions were separate and distinct and therefore a consecutive sentence was appropriate.  (ECF No. 47 at 2.)  Adame-Castro has now filed a motion pursuant to Amendment 821 of the U.S. Sentencing Guidelines asking the Court to reduce his sentence because he claims he "has no priors" and therefore qualifies for a "2 point credit" to his criminal history points.  (ECF No. 48 at 1.)  Adame-Castro also requests the appointment of counsel.  (*Id.* at 2.)  Because Amendment 821 does not apply to Adame-Castro's sentence and the imposed sentence of forty-eight (48) months' imprisonment remains appropriate, the Court will deny his motion and deny his request to appoint counsel.

### DISCUSSION

Pursuant to 18 U.S.C. §3582(c)(2), the Court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" pursuant to its authority to "review and revise" the guidelines under 28 U.S.C. §994(o).  18 U.S.C. §3582(c)(2).  The statute further provides that the Court may reduce a defendant's previously imposed term of

imprisonment, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The Court should not reduce a defendant's term of imprisonment, however, if an amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. §1B1.10(a)(2)(B).

On April 27, 2023, the United States Sentencing Commission proposed an amendment to the Sentencing Guidelines known as Amendment 821 or the 2023 Criminal History Amendment. Amendment 821 allows for a two-level decrease in a defendant's offense level if the defendant has no criminal history points and his or her offense of conviction did not involve any of the specified aggravating factors. *See* U.S.S.G. §4C1.1(a). Part A of the amendment also limits the impact of "status points" under Guideline §4A1.1(e) on a defendant's criminal history score and category. Prior to the amendment, status points were added to a defendant's criminal history score if the defendant was found to have committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *See* U.S.S.G. §4A1.1(d) (U.S. Sent'g Comm'n 2021). The amendment now limits application of these status points to offenders who have seven (7) or more criminal history points; status points are thus eliminated for defendants with six or less criminal history points. The amendment also decreases the impact of status points. Even where applicable, the amendment now provides for the addition of just one criminal history point, not two. *See* U.S.S.G. §4A1.1(e). On August 24, 2023, the Sentencing Commission voted to give retroactive effect to Amendment 821.

In *Dillon v. United States*, 560 U.S. 817 (2010), the Supreme Court addressed the process for application of a retroactive guideline amendment and held that "[a]ny reduction must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 821. The Supreme Court directed district courts to follow a two-step approach in addressing requests to reduce a sentence based on a retroactive amendment to the guidelines. At step one, the district court must determine both whether the defendant is eligible for a sentence reduction and the extent of the reduction authorized. *Id.* at 827. Second, the Court must apply the sentencing factors set forth in Section 3553(a) and determine whether to exercise its discretion to reduce the previously imposed sentence. *Id.* The district court may not reduce a sentence beyond that authorized by the

Sentencing Guidelines except as provided in U.S.S.G. §1B1.10(b)(2)(A) related to substantial assistance. *Id.*; *see also* U.S.S.G. §1B1.10(b)(2)(A) & (B).

Adame-Castro contends that he is qualifies for Amendment 821 because he has "no priors." (ECF No. 48 at 1.) Adame-Castro is incorrect. His presentence report shows that he was convicted of "dangerous drugs" and sentenced to two years' probation and 127 days' jail in Cook County Circuit Court, Chicago, Illinois, Docket No. 14CR145580. (ECF No. 40 at 7.) This conviction resulted in the assessment of two criminal history points and a criminal history category of II. (*Id.*) Based upon a total offense level of 25 and criminal history category of II, Adame-Castro's guidelines imprisonment rage was 63 to 78 months. (*Id.* at 11.) At the sentencing hearing, Adame-Castro did not object to the application of the guidelines in the Presentence Report. (ECF No. 43 at 1.) Adame-Castro was facing a mandatory minimum of sixty (60) months' imprisonment, but the Court determined that the statutory safety valve, 18 U.S.C. §3553(f), applied and declined to apply the mandatory minimum period of incarceration. (*Id.*) In the end, for reasons explained at the hearing, the Court imposed a substantially below guidelines sentence of 48 months' imprisonment.

Because he is not a zero-point offender, Adame-Castro therefore is not eligible for a sentence reduction under Amendment 821. The Court continues to believe, as it explained at the sentencing hearing, that Adame-Castro's sentence of forty-eight (48) months' incarceration is the appropriate sentence, taking into account the specific circumstances of the offense, the terms of the plea agreement, and Adame-Castro's own personal situation and criminal history.

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's *pro se* motion to reduce sentence pursuant to Amendment 821, ECF No. 48, is **DENIED.**

Dated at Milwaukee, Wisconsin on April 9, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

.